SCOTT+SCOTT LLP
MARY K. BLASY (211262)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)
mblasy@scott-scott.com
-and-
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
860/537-4432 (fax)
drscott@scott-scott.com

*Attorneys for Plaintiff and Proposed Lead Plaintiff*

[Additional Counsel on Signature Page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT A. SCANDLON, JR., On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE COAT SYSTEMS, INC., BRIAN M. NESMITH and GORDON C. BROOKS,<br><br>Defendants. | Case No.: CV-11-04293-RS<br><br>PLAINTIFF ROBERT A. SCANDLON, JR.'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:   December 8, 2011<br>TIME:   1:30 p.m.<br>COURTROOM: 3, 17th Floor<br><br>Hon. Richard Seeborg |

_____
PLTF SCANDLON'S NOTICE OF MOT & MOT FOR APPT AS LEAD PLTF
& FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL
Case No.: CV-11-04293-RS

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on December 8, 2011, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the Honorable Richard Seeborg, Plaintiff Robert A. Scandlon, Jr. will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing the Plaintiff, Robert A. Scandlon Jr. ("Scandlon"), as lead plaintiff; and (2) approving his selection of Scott+Scott LLP, Holzer Holzer & Fistel, LLC and Dyer & Berens LLP as co-lead counsel.

This Motion is made on the grounds that Scandlon is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, Scandlon submits herewith a Memorandum of Law and Declaration of Mary K. Blasy.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This class action lawsuit (the "Action") is brought on behalf of all persons who purchased the common stock of Blue Coat Systems, Inc. ("Blue Coat" or the "Company") between November 24, 2009 and May 27, 2010, inclusive (the "Class Period"). The Action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the PLSRA, the Court is to appoint as lead plaintiff the person with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B). Here, Plaintiff Scandlon should be appointed lead plaintiff because he: (1) filed the initial complaint in this action and timely filed his motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or groups of persons of which he is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

PLTF SCANDLON'S NOTICE OF MOT & MOT FOR APPT AS LEAD PLTF
& FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL
Case No.: CV-11-04293-RS

1

1  In addition, Scandlon's selection of Scott+Scott LLP, Holzer Holzer & Fistel, LLC and
2  Dyer & Berens LLP should be approved because each firm possesses extensive experience in the
3  prosecution of securities class actions, will coordinate the activities of counsel and delegate work
4  responsibilities to ensure the orderly and efficient prosecution of this Action and to avoid
5  duplication of effort, and will adequately represent the interests of all class members.

6  **II.  STATEMENT OF RELEVANT FACTS**

7  Blue Coat is headquartered in Sunnyvale, California and describes itself as a "technology
8  leader in Application Delivery Networking."  It designs, develops, and sells products and
9  services designed to secure and optimize the delivery of business applications and other
10 information to distributed users over a wide area network ("WAN") or the public Internet/Web.
11 The Company sells its products globally, but is particularly dependent on European sales which
12 traditionally comprise 40% of its sales revenue.

13 Because the Company's "primary end user customers are large and medium distributed
14 enterprises, including finance, healthcare, and other business enterprises, along with U.S.
15 Federal, state and local, and foreign government agencies" who "deploy [its] products in their
16 data centers and branch offices, at Internet gateways and on mobile devices worldwide," Blue
17 Coat's sales cycle is long and involved and Blue Coat engineers work directly with potential and
18 existing customers as part of the sales process. According to Defendants, the life span of its
19 offerings is four to five years, at which time customers either purchase new appliances and/or
20 software with Blue Coat, or they move on to another provider.

21 **A. Defendants' False and Misleading Statements**

22 On November 24, 2009, Blue Coat announced its 2Q10 financial results and discussed its
23 outlook for 3Q10, which would end January 31, 2010.  Blue Coat provided details of what it
24 claimed was "solid sequential revenue growth in North America and Europe."  In speaking with
25 analysts following the announcement of results, Company CEO, Brian M. NeSmith
26 ("NeSmith"), spoke of Blue Coat's strong performance overall, with particular attention to recent
27 European success.  Defendants' statements drove the price of Blue Coat shares higher.

28

Blue Coat continued to emphasize its growth and strong performance during its February 23, 2010 announcement of 3Q10 results. Defendant NeSmith again assured investors that Blue Coat's European sales remained strong, claiming in fact that "EMEA looked like it was up strongly and sequentially." Unfortunately, investors would soon learn critical information contradicting Blue Coat's claims, but not before Defendant NeSmith and other Company insiders collectively sold 373,202 shares of their personally-held Blue Coat common stock at artificially inflated prices for gross proceeds in excess of $11.3 million.

On May 27, 2010, Blue Coat announced its financial results for the fourth quarter and full-year 2010, in which Defendants revealed for the first time that the Company's European operations had been experiencing weakness in demand, particularly in Europe, that would negatively impact sales and earnings going forward. Specifically, Plaintiff Scandlon alleges that during the Class Period, Defendants knowingly misrepresented and failed to disclose the difficulties Blue Coat was facing in selling its WAN optimization products after the initial installation. Plaintiff Scandlon also alleges Blue Coat failed to timely disclose that its customers were cancelling orders rather than delaying them to future dates and that the Company was losing market share to competitors due to pricing. In response to the Company's May 27 disclosure, Blue Coat's share price plummeted approximately 26% on unusually heavy trading. Several analysts who monitor Blue Coat stock downgraded the investment, with at least one analyst noting Blue Coat's claim that macroeconomic forces were to blame for its poor results was inconsistent with other companies' announcements.

**B. Procedural Posture**

On August 30, 2011, Plaintiff Scandlon filed this action alleging that Defendants Blue Coat, NeSmith and Gordon C. Brooks ("Brooks"), Blue Coat's CFO, violated the federal securities laws by making false and misleading statements throughout the Class Period. Plaintiff Scandlon seeks to recover of damages from Defendants on behalf of himself and all other investors who purchased Blue Coat common stock between November 24, 2009 and May 27, 2010 at prices artificially inflated by Defendants' fraudulent conduct. Through this motion,

Scandlon seeks appointment as lead plaintiff pursuant to the applicable provisions of the PSLRA, and seeks approval of his selection of lead counsel.

### III. ARGUMENT

#### A. Scandlon Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u- 4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on August 30, 2011 on *Globe Newswire* – the same day Scandlon initiated the first-filed action. *See* Declaration of Mary K. Blasy ("Blasy Decl."), Ex. A.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Scandlon meets each of these requirements and should therefore be appointed lead plaintiff.

#### 1. Plaintiff Scandlon's Motion Is Timely

The notice published on August 30, 2011 informed class members of the 60-day deadline to move for appointment as lead plaintiff, which is October 31, 2011. *See* Blasy Decl., Ex. A; 15

U.S.C. §78u-4(a)(3)(A). Scandlon has also submitted a sworn certification setting forth his transactions in Blue Coat securities during the Class Period and confirming his willingness and ability to serve as lead plaintiff. *See* Blasy Decl., Ex. B; Civil L.R. 3-7. Moreover, Scandlon initiated this action to protect and promote the class's interests. Thus, Scandlon has complied with the PSLRA's first requirement, demonstrated his diligence, and is entitled to be considered for appointment as lead plaintiff.

### 2. Plaintiff Scandlon Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Scandlon lost in excess of $26,000 due to Defendants' fraud. *See* Blasy Decl., Ex. C; *see also In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002). To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Scandlon satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Plaintiff Scandlon Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Scandlon amply satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class's interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Ninth Circuit instructs courts considering the issue to interpret Rule 23(a)(3) permissively, and to find "representative

PLTF SCANDLON'S NOTICE OF MOT & MOT FOR APPT AS LEAD PLTF
& FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL
Case No.: CV-11-04293-RS

5

1  claims are 'typical' if they are reasonably coextensive with those of absent class members; they
2  need not be substantially identical." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir.
3  2007) (quoting *Hanlon v. Chrysler Corp.,* 150 F. 3d 1011, 1020 (9th Cir. 1997)).

4  Here, Scandlon meets the typicality and adequacy requirements because he purchased Blue Coat securities during the Class Period in reliance upon the materially false and misleading statements issued by Defendants and suffered damages thereby, as did the other members of the purported class. Scandlon is also not subject to any unique defenses and there is no evidence of any conflicts between him and the other class members. Finally, Scandlon demonstrated his ability and willingness to diligently prosecute this action by initiating this action and filing the initial complaint with the requisite Certification and by retaining qualified counsel. *See In re Cooper Companies Inc. Sec. Litig*., 254 F.R.D. 628, 636 (C.D. Cal. 2009); Blasy Decl., Exs. B & D-F. Thus, Scandlon satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion. *Hanon,* 976 F.2d at 508; *Armour v. Network Associates, Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001) (listing factors relevant to determining typicality of class claims).

### B. This Court Should Approve Scandlon's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Scandlon has selected Scott+Scott LLP, Holzer Holzer & Fistel, LLC and Dyer & Berens LLP to serve as co-lead counsel for the class. Each of these firms actively practices complex securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Blasy Decl., Exs. D-F (firm résumés). Notably, these firms have already worked together to investigate this case, draft the operative class action complaint and file suit in this Court on behalf of Scandlon and other similarly-situated investors. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available. Moreover, to ensure the orderly and efficient prosecution of this Action, Scandlon has directed his counsel to coordinate the

PLTF SCANDLON'S NOTICE OF MOT & MOT FOR APPT AS LEAD PLTF
& FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL
Case No.: CV-11-04293-RS

1 activities of counsel and to delegate work responsibilities in such a manner as to ensure there is
2 no duplication of effort.

### IV. CONCLUSION

For the foregoing reasons, Scandlon respectfully requests the Court enter the attached proposed order: (1) appointing Scandlon as Lead Plaintiff; and (2) approving Scandlon's selection of Scott+Scott, LLP, Holzer Holzer & Fistel, LLC and Dyer & Berens LLP as co-lead counsel for the class.

Dated: October 31, 2011                               SCOTT+SCOTT LLP

    /s/ Mary K. Blasy
MARY K. BLASY (211262)
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)
mblasy@scott-scott.com

Michael I. Fistel, Jr.
HOLZER, HOLZER & FISTEL, LLC
200 Ashford Center North, Suite 300
Atlanta, Georgia 30338
Telephone: 770/392-0090
770/392-0029 (fax)
mfistel@holzerlaw.com

DYER& BERENS LLP
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: 303/861-1764
303/395-0393 (fax)
jeff@dyerberens.com

*Attorneys for Plaintiff and Proposed Lead Plaintiff*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on October 31, 2011, I caused the foregoing to be electronically filed |
| 3 | with the Clerk of the Court using the CM/ECF system which will send notification of such filing |
| 4 | to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I |
| 5 | caused the foregoing document or paper to be mailed via the United States Postal Service to the |
| 6 | non-CM/ECF participants indicated on the Manual Notice List. |

                            /s/ Mary K. Blasy
                            MARY K. BLASY
                            SCOTT+SCOTT LLP
                            707 Broadway, Suite 1000
                            San Diego, CA 92101
                            Telephone: 619-233-4565
                            mblasy@scott-scott.com